IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Sonia D. Filby | : | Case No.: |
| 1506 Poniac Ave. | : | |
| Fremont, Ohio 43420 | : | Judge |
| and | : | |
| | : | **COMPLAINT WITH CLASS AND COLLECTIVE ACTION ALLEGATIONS** |
| Amy Edwards | : | **JURY DEMAND ENDORSED HEREON** |
| 29 Park Ave. | : | |
| Norwalk, Ohio 44857 | : | |
| Plaintiffs, | : | |
| v. | : | |
| Windsor Mold USA, Inc. | : | |
| 560 Goodrich Road | | |
| Bellevue, Ohio 44811 | : | |
| Also serve Statutory Agent: | : | |
| Acme Agent, Inc. | | |
| 41 South High Street, Suite 2800 | : | |
| Columbus, Ohio 43215 | | |
| | : | |
| Defendant. | : | |

**Parties, Personal Jurisdiction and Venue**

1. Plaintiff Sonia D. Filby ("Filby") is an individual residing in Fremont, Sandusky, County, Ohio. Filby is a citizen and resident of Ohio.

2. Plaintiff Amy Edwards, formerly known as Amy Spettle, ("Edwards") is an individual residing in Norwalk, Huron County, Ohio. Edwards is a citizen and resident of Ohio.

3. Defendant Windsor Mold, USA, Inc. ("Windsor Mold") is a corporation organized under the laws of the State of Ohio with its principal place of business in Bellevue, Huron County, Ohio. Windsor Mold is a subsidiary of the "Windsor Mold Group" a Canadian business entity.

4. Windsor Mold operates two plants in Bellevue, Ohio under distinct trade names: "Precision Automotive Plastics" and "Autoplas."

5. The "Precision Automotive Plastics" plant is located 122 Hirt Dr. in Bellevue, Sandusky County, Ohio.

6. The "Autoplas" plant is located at 560 Goodrich Rd. in Bellevue, Huron County, Ohio.

7. Windsor Mold is a citizen and resident of Ohio. This Court has personal jurisdiction over the Defendant.

8. This case arises from employment relationships at manufacturing facilities in Bellevue, Ohio, which is located in this judicial district and division. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) as the sole Defendant in this action resides here and 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to this action occurred here.

### Subject Matter Jurisdiction

9. Plaintiffs bring this collective action to recover overtime pay, wages owed and other relief pursuant to the Fair Labor Standards Act ("FLSA"), codified at 29 U.S.C. § 201, *et seq.* This Court has subject matter jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1391 as they arise under the laws of the United States.

10. With respect to Plaintiffs' class-action claims (Counts Two through Six) asserted under Ohio statutory common law, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) as they form part of the same case or controversy.

## Common Factual Allegations

11. Windsor Mold operates two substantial manufacturing facilities in and around Bellevue, Ohio under the trade names "Precision Automotive Plastics" and "Autoplas."

12. Generally, Windsor Mold manufactures plastic molding components for use in the automotive industry and employs a large number of workers known as "plant operators" who work on the assembly line and operate equipment such as presses and mold injection machinery. Windsor Mold employs approximately 200 such workers at each Bellevue plant.

13. "Plant operators" as referred to herein are employees and former employees.

14. Plant operators at the Bellevue facilities are paid on an hourly basis, typically at rates between $10.00 and $13.00 per hour.

15. Although the automotive industry is highly unionized, Windsor Mold's Bellevue facilities are non-union shops. As such, the plant operators are not party to any collective bargaining agreement.

16. Edwards was employed at the Precision Automotive Plastics plants between approximately April 2011 and April 2013. Edwards worked as a plant operator until April 2012, when she was transferred to an office job.

17. Filby was employed as a plant operator at Precision Automotive Plastics from approximately February 2010 until May 2012. Toward the end of her tenure, Filby was sometimes responsible for training newly hired plant operators.

18. Windsor Mold does not utilize time clocks in its plants for plant operators to "punch in" and "punch out." Instead, plant operators are scheduled for fixed shift lasting a set number of hours. Plant operators are generally scheduled for eight-hour shifts, however, this varied somewhat based on demand for increased output.

19. Plant operators regularly worked more than five shifts per week.

20. Before each shift, plant operators are required to attend a "pre-shift meeting" at which safety, production and other pertinent issues would be discussed. In addition, supervisors hand out work assignments for the shift at this pre-shift meeting.

21. The pre-shift meeting begins exactly twenty minutes prior to the time that a shift is scheduled to take over operation of a plant. For example, plant operators responsible for the first shift must report to a pre-shift meeting at 6:40am in order to take over operation of the plant at 7:00am.

22. Attendance at the pre-shift meeting is mandatory and employees must be on-time. To emphasize the compulsory nature of the meeting, a supervisor usually holds a cellular phone with the "official time." Employees who arrive even a few minutes late are subject to disciplinary action, up to and including termination for repeat violations.

23. The pre-shift meeting constitutes labor required by Windsor Mold for its primary benefit.

24. Plant operators are also provided with 20-minute break period, designated for meals. During this period, plant operators are required to remain on the premises and are not normally permitted to even go to their vehicle in company parking lot. During the twenty-minute meal period, the plant operators were sometimes interrupted and instructed to return to work or take some other action related to their employment on Windsor Mold's behalf.

25. In unusual circumstances, plant operators are permitted to briefly leave the plant. Plant operators who leave the premises during a 20-minute meal break are required to affirmatively record their absence on the attendance form and must request after receiving permission from a supervisor. Thus, Windsor Mold maintains records of those operators leaving the premises during a meal break.

26. According to the Windsor Mold employee handbook, all employees are provided with either a 20 minute paid meal break or a 30 minute unpaid meal break during each eight-hour shift. As a matter of longstanding practice at both Bellevue facilities, plant operators are provided with at 20 minute paid break. See Exhibit 1.

27. According to the handbook, routine and regular practice, and representations repeatedly made to plant operators by supervisory personnel, the 20-minute meal period is a "paid break."

28. Pursuant to the FLSA and interpreting regulations, including 29 C.F.R. § 789.19(a), the 20-minute break does not qualify as *bona fide* meal period during which an employee is completely relieved of duty. Thus, plant operators are owed their regular hourly wage for this period.

29. Instead of a time clock with which plant operators "punch in" and "punch out," Windsor Mold utilizes a sign-in sheet for each shift, which records the number of hours that plant operators are scheduled to work. Employees initialed the signed in sheet at the beginning of their shift and signed out at the end. Windsor Mold utilizes these sign-in sheets to calculate payroll. Plant operators are specifically instructed not to include the twenty minutes spent in the pre-shift meeting on the sign-in sheet.

5

30. The twenty minutes spent at each mandatory pre-shift meeting is not accounted for in the schedule or sign in sheets. Plant operators are not being paid for this time.

31. Moreover, to the extent that Windsor Mold may seek to offset the pre-shift meeting with the twenty-minute "paid" meal period, it is not entitled to do so because it does not qualify as a *bona fide* meal period for the reason set forth herein.

32. Thus, plant operators are being routinely and regularly shorted for twenty minutes of work for each shift. For example, under Windsor Mold's unlawful practices as delineated above, a plant operator who is scheduled and paid for an eight-hour shift is required to complete eight-hours and twenty minutes of work.

33. To the extent plant operators works more than forty hours in a given workweek, or for whom the uncompensated twenty minutes per shift would cause their workweek to exceed forty hours, such plant operators are being deprived of overtime pay required by the FLSA and Ohio law.

## Collective Action Allegations

34. Plaintiffs repeat and incorporate herein all previously pleaded averments.

35. With respect to Count One, Plaintiffs bring this action on behalf themselves and all others similarly situated pursuant to 29 U.S.C. § 216(b). The proposed Collective Class for the FLSA claim is defined as follows:

    All persons employed as plant operators by Windsor Mold at the "Precision Automotive Plastics" and "Autoplas" plants in the three years prior to the filing of this complaint to find judgment.

36. Plaintiffs have consented in writing to be part of this action pursuant to 29 U.S.C. § 216(b). Plaintiffs' signed consent is attached hereto as Exhibit 2 & 3. As this case proceeds, it is likely that other individuals will sign consent forms and join as plaintiffs.

37. As set forth above, during the applicable statutory period, Plaintiffs and members of the Collective Class routinely worked in excess of forty hours per workweek for which they have not been fully compensated for all such hours worked.

38. As a result of Windsor Mold's repeat and widespread underpayment, Plaintiffs and the Collective Class have been deprived of overtime wages that are properly due and owing.

39. The Collective Class members are similarly situated because they perform the same basic responsibilities, have been subject to the same basic duties and activities and have all been subject to Windsor Mold's common policy and practice of failing to credit and pay its plant operators for all hours worked, including but not limited to the hours worked in each workweek at one-and-one-half times their regular rate of pay.

40. The resolution of a single question is common to each member of the Collective Class: whether Windsor Mold is required to credit plant operators for time spent at the pre-shift meeting and the "paid" twenty-minute lunch period.

### Class Action Allegations

41. Plaintiffs repeat and incorporate herein all previously pleaded averments.

42. Plaintiffs bring Counts Two through Six pursuant to Fed.R.Civ.P. 23 on behalf of themselves and others similarly situated. Plaintiff seek to represent a State Law Class defined as follows:

    All persons employed as plant operators Windsor Mold at the "Precision Automotive Plastics" and "Autoplas" plants during the applicable stature of limitations to the date of final judgment.

43. The members of the State Law Class are so numerous that joinder is impracticable. Plaintiffs estimate that there are approximately 400 plant operators employed at the "Precision

7

Automotive Plastics" and "Autoplas" (combined). Due to turnover, the number of State Law Class members is likely larger.

44. The members of the State Law Class can be identified through the payroll and attendance records or Windsor Mold, which are exclusively in the possession of the Defendant.

45. There are common questions of law and fact affecting all members of the State Law Class, including:

   a. Whether Windsor Mold is required to compensate plant operators for the pre-shift meeting under applicable Ohio law;

   b. Whether Windsor Mold is required to compensate plant operators for twenty-minute meal period under applicable Ohio law;

   c. Whether Windsor Mold is calculating and paying overtime under applicable Ohio law;

   d. Whether a standardized contract exists between Windsor Mold and its plant operators and, if so, whether Windsor Mold has breached this contract;

   e. Whether Windsor Mold has been unjustly enriched at the expense of Plaintiffs and members of the State Law Class;

   f. Whether Windsor Mold has unequivocally promised to pay Plaintiffs and members of the State Law Class for all hours worked, but not paid as promised.

46. The claims of the named Plaintiffs are typical of the claims of members of the State Law Class. Like all members of the State Law Class, named Plaintiffs worked as plant operators at Defendant's plant and were not paid for all hours worked, including overtime hours.

47. The representative parties will fairly and adequately represent the interests of the members of the Class.

48. Both Plaintiffs and their counsel meet the adequacy requirement of Fed.R.Civ.P. 23.

49. The Plaintiffs are not antagonistic to the other members of the State Law Class and is, in fact, similarly situated with respect to Windsor Mold. The interests of the Plaintiffs in this matter are identical to those of the members of the State Law Class.

50. The Plaintiffs' legal counsel has a time-honored reputation for competency, experience and skill in handling complex litigation, including class actions. Their counsel's ability to skillfully litigate cases such as the present case is well-documented. The Plaintiffs' counsel has and will continue to dedicate high levels of skill and dedication to the vigorous prosecution of this class action litigation.

51. A class action is a superior method to other methods of resolution. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

52. The expense and burden of individual litigation are impediments to individual State Law Class members seeking redress for the wrongful conduct alleged.

53. Further, prosecution of separate actions against Windsor Mold would create the risk of inconsistent or varying adjudications with respect to individual members of the State Law Class and would establish incompatible standards of conduct regarding payment of wages for pre-shift meetings and twenty-minute meal periods.

54. The current action is maintainable under Fed.R.Civ.P. 23(b)(2) and 23(b)(3) standards.

55. This class action is maintainable under Fed.R.Civ.P. 23(b)(2) because Windsor Mold has consistently failed to pay wages for pre-shift meetings and twenty-minute meal periods. Injunctive and declaratory relief is appropriate to determine Windsor Mold's obligations for these wages.

56. If each individual member of each State Law Class was required to bring a separate action, there is a substantial risk that the numerous outcomes may establish incompatible standards.

57. This action is maintainable under Fed.R.Civ.P. 23(b)(3) because common questions of law or fact, as outlined above, predominate over any question affecting only individual members, which focus almost exclusively on damages in the form the amount owed for back wages and overtime.

58. A class action is superior method to other mechanisms available.  The amount in controversy with respect to each individual class member is relatively modest and the prosecution of separate actions is comparatively costly.

## COUNT I
### Violation of the Fair Labor Standards Act
### Brought on Behalf of Plaintiffs and the Collective Class

59. Plaintiffs repeat and incorporate herein all previously pleaded averments.

60. At all times material herein, Plaintiffs have been entitled to the rights, protections and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq.*

61. The FLSA regulates, among other things, the minimum wage requirements and payment of overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.  29 U.S.C. §§ 206; 207(a)(1).

62. Windsor Mold was, and is, subject to the minimum wage and overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and their employees are engaged in commerce and neither Windsor Mold nor the plant operators employed by Windsor Mold are subject to an exemption of the FLSA.

63. Windsor Mold willfully violated the FLSA by failing to properly compensate their plant operators for all hours they worked, including failure to pay one and half the normal hourly rate for time worked over forty hours.

64. Windsor Mold willfully violated the FLSA by failing to pay its plant operators for all overtime hours worked.

65. Windsor Mold under paid its plant operators by 20 minutes for each shift worked.

66. Plant operators worked five or more shifts of at least eight hours and twenty minutes per week.

67. The Collective Class members are covered employees entitled to compensation at a rate of not less than one and a half times their regular rate of pay for all times over forty hours per week.

68. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime pay obligations set forth under § 7(a)(1) of the FLSA.  None of the FLSA exemptions apply to plant operators, including Plaintiffs and members of the Collective Class.  Accordingly, Plaintiffs must be paid overtime in accordance with the FLSA of the Collective Class.

69. Because Windsor Mold has violated 207(a)(1), Plaintiffs are entitled to compensation for all of their overtime pay at a rate of one and one-half times their regular rate of pay and an additional equal amount as liquidated damages.

70. The records concerning the number of hours Plaintiffs were required to work and for which Plaintiffs have not been compensated are in the exclusive possession and control of Defendant and Plaintiffs do not know at this time the exact owing.

71. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).  Alternatively, should the Court find that Windsor Mold did not act willfully in failing to properly compensate them for each hour worked in a workweek and failing to pay them overtime pay, the Collective Class members are entitled to an award of prejudgment interest at the applicable legal rate.

72. The above described pattern and practice of willful systemic violation of the FLSA complained of by Plaintiffs have similarly affected other employees so that such employers are common and typical to each.

73. The Plaintiffs and members of the Collective Class have been harmed by Windsor Mold's failure to pay plant operators for their overtime hours.

74. Defendant's violation have been willful and/or in willful and reckless disregard of Plaintiffs' rights and the rights of all other similarly situated employees.

75. Pursuant to 29 U.S.C. §216(b), the Plaintiffs and members of the Collective Class are also entitled to an award of reasonable attorney's fees and costs incurred in pursuing this action.

## COUNT II
### Overtime Violations Under Ohio Law
### Brought on Behalf of Plaintiffs and the State Law Class

76. Plaintiffs repeat and incorporate herein all previously pleaded averments.

77. The Ohio Minimum Fair Wage Standards law, O.R.C. § 4111.03, requires that an employer such as Windsor Mold, pay overtime compensation to all non-exempt employees.

78. Pursuant to O.R.C. § 4111.03, Plaintiffs and members of the State Law Class must be paid for all time worked in excess of forty hours per week at a rate equal to one and one-half times their normal hourly rate.

79. As set forth above, Windsor Mold's policies and practices with respect to the pre-shift meeting and twenty-minute lunch period results in plant operators routinely being shorted overtime pay of twenty minutes per shift worked.

80. Plaintiffs and members of the State Law Class will seek damages in the amount of the underpayments pursuant to O.R.C. § 4111.03.  Plaintiffs and members of the State Law Class will seek attorney's fees, costs, liquidated damages, expenses and other relief pursuant to O.R.C. §§4111.10 and other applicable Ohio law.

**COUNT III**
**Nonpayment of Wages**
**Brought on Behalf of Plaintiffs and the State Law Class**

81. Plaintiffs repeat and incorporate herein all previously pleaded averments.

82. Pursuant to O.R.C. § 4113.15, Windsor Mold is required to make timely monthly payment of wages for all hours worked.

83. Windsor Mold's policies and practices with respect to the pre-shift meeting and twenty-minute lunch period results in plant operators routinely not paid for twenty minutes per shift.

84. Plaintiffs and members of the State Law Class seek damages in the amount of the underpayments pursuant to O.R.C. § 4113.15.

85. Windsor Mold has previously been informed of its violation of state and federal labor law.  Windsor Mold has nonetheless taken no steps to correct its practices and payment is not in dispute.  Plaintiffs and members of the State Law Class will seek liquidated damages and whatever additional relief is available pursuant to O.R.C. § 4113.15.

**COUNT IV**
**Breach of Contract and/or Quasi-Contract**
**Brought on Behalf of Plaintiffs and the State Law Class**

86. Plaintiffs repeat and incorporate herein all previously pleaded averments.

87. Defendant promised orally and in writing to pay Plaintiffs and members of the class a set hourly rate for time worked and at a rate of one and half times the set hourly rate for time worked beyond forty hours per week.

88. Through its employee handbook, representations repeatedly made to plant operators and other conduct, Windsor Mold entered into a binding contract with Plaintiffs and members of the State Law Class to compensate plant operators at a set hourly rate for time worked and one and half times the set hourly rate for time worked over forty hours per week.

89. Plaintiffs and members of the State Law Class furnished valuable consideration in the form of their labor with the expectation of pay at the agreed rate.

90. Plaintiffs and members of the Class performed labor for Defendant in excess of their eight hour shifts in the amount of twenty minutes per shift, knowing of Defendant's promise to pay a set hourly rate in increments of fifteen minutes.

91. Plaintiff and members of the Class performed labor for Defendant in excess of forty hours per shift knowing of Defendant's promise.

92. Windsor Mold benefited from labor Plaintiffs and members of the State Law Class in the form of increased output and productivity.

93. The Plaintiffs and members of the State Law Class experienced a detriment by foregoing their time to the benefit of Windsor Mold.

94. Windsor Mold breached its contract by failing to pay the agreed hourly rate as set forth above.

95. Plaintiffs and members of the State Law Class have suffered damages in the form of lost wages, lost overtime pay and other damages.

96. Defendant's failure to pay overtime as promised violated Plaintiff's law doctrine of contract and/or quasi-contract.

97. Defendant failed to pay Plaintiffs and members of the State Law Class for the additional twenty minutes of work required and performed.

98. Plaintiffs and member of the State Law Class are owed for thirty minutes for each shift worked based on the calculation of pay at fifteen increments at a rate of their normal pay for weeks under forty hours and half for weeks in excess of forty hours.

## COUNT V
## Unjust Enrichment
## Brought on Behalf of Plaintiffs and the State Law Class

99. Plaintiffs repeat and incorporate herein all previously pleaded averments.

100. Through their labor, Plaintiffs and members of the State Law Class furnished a benefit to Windsor Mold.

101. Plaintiffs, and those similarly situated, conferred a benefit upon Defendant when they worked hours and provided services to the Defendant and the customers of Defendant and performed such other acts and conducted for the company's benefit.

102. Windsor Mold was aware of, and appreciated the benefit of this labor, but did not pay Plaintiffs and members of the State Law Class for all hours work or for all overtime hours as required by law.

103. The benefits were conferred by Plaintiffs, and those similarly situated, without receiving just compensation from Defendant for services rendered.

104. Under the circumstances described herein, it would be inequitable for Windsor Mold to retain the benefit of labor by Plaintiffs and members of the State Law Class without compensation.

105. Defendant thereby has been unjustly enriched by the benefit conferred by Plaintiffs and those similarly situated.

106. Plaintiffs, and those similarly situated, are entitled to just compensation for the reasonable value of services rendered to Defendant.

107. In the alternative to an express contract, Plaintiffs and members of the State Law Class bring Count V to recover the value of the unpaid regular and overtime hours under a theory of unjust enrichment.

### COUNT VI
### Promissory Estoppel
### Brought on Behalf of Plaintiffs and the State Law Class

108. Plaintiffs repeat and incorporate herein all previously pleaded averments.

109. Defendant promised orally and in writing to pay Plaintiffs and members of the class a set hourly rate for time worked and at a rate of one and half times the set hourly rate for time worked beyond forty hours per week.

110. Through its employee handbook, representations repeatedly made to plant operators and other conduct, Windsor Mold unambiguously promised to pay plant operators at a fixed hourly rate and provide a paid twenty-minute meal period.

111. Plaintiffs and members of the State Law Class relied on Windsor Mold's promise to their detriment by foregoing their time to the benefit of Windsor Mold with the expectation of compensation.

112. Such reliance was foreseeable and objectively reasonable under the circumstances.

113. Plaintiffs and members of the State Law Class were damaged as a result of such reliance because they were deprived of pay for all hours worked and properly calculated overtime pursuant to federal and state law.

114. In addition or in the alternative to an express contract, Plaintiffs and members of the State Law Class bring Count VI to recover the value of the unpaid regular and overtime hours under a theory of promissory estoppel.

**WHEREFORE**, Plaintiffs Sonia Filby and Amy Edwards demand judgment against Defendant Windsor Mold, USA, Inc. in an amount to be determined by a jury and further demand judgment as follows:

a. That the Court, as soon as practicable, order that notice be to members of the Collective Class defined herein advising them of their right to opt-in to this litigation;

b. For judgment in the amount equal to Plaintiffs hourly rate and overtime rate as required by the FLSA, to be doubled pursuant to 29 U.S.C. § 216(b), together with prejudgment interest, attorneys' fees, costs and whatever additional legal and equitable relief may be available under the FLSA;

c. For an order certifying the State Law Class as defined herein and appointing the undersigned counsel to represent it;

d. For damages in the amount the value of the unpaid regular and overtime hours, punitive and exemplary damages, attorneys' fees, costs, statutory liquidated damages, interest and whatever additional relief may be available to the State Law Class in law and equity;

e. For injunctive and declaratory relief that Windsor Mold must prospectively compensate plant operators for the pre-shift meeting and meal periods as set forth herein; and

f. For whatever additional legal and equitable relief that the Court may deem just and equitable under the circumstances.

**Dated: July 22, 2013**

      Respectfully Submitted,

*/s/ Leslie O. Murray*
John T. Murray (0008793)
Direct Dial: (419) 624-3125
jotm@murrayandmurray.com
Leslie O. Murray (0081496)
Direct Dial: (419) 624-3010
lom@murrayandmurray.com
Florence J. Murray (0080292)
Direct Dial: (419) 624-3111
fjm@murrayandmurray.com
Michael Stewart (0082257)
Direct Dial; (419) 626-7008
mjs@murrayandmurray.com
**MURRAY & MURRAY CO., L.P.A.**
111 East Shoreline Drive
Sandusky, Ohio  44870-2517
Telephone: (419) 624-3000
Facsimile: (419) 624-0707

*Attorneys for Plaintiffs*

### JURY DEMAND

Plaintiffs hereby demand trial by jury as to the issue of damages sustained.

*/s/ Leslie O. Murray*
Leslie O. Murray
**MURRAY & MURRAY CO., L.P.A.**

*Attorney for Plaintiffs*