UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Sonia Filby, et al.,                              Case No. 3:13 cv 1582

       Plaintiffs

   v.                                              MEMORANDUM OPINION

Windsor Mold USA, Inc.,

       Defendant

 

This matter comes before me on the parties' Joint Motion for Approval of Section 216(b) Settlement and for Preliminary Approval of Fed. R. Civ. P. 23 Class Settlement. (Doc. No. 111). Also before me is the Joint Notice of Filing Amended Proposed Settlement Documents by all Plaintiffs. (Doc. No. 121).

This litigation is over alleged off-the-clock work periods at two automotive parts factories in Bellevue, Ohio. Generally, Plaintiffs allege that Defendant Windsor Mold USA, Inc. failed to fully compensate a group of hourly employees working as "press operators" and "decorators" for a twenty-minute meal period or pre-shift meeting, or both, as required by the Fair Labor Standards Act ("FLSA"), as well as Ohio statutory and common law. The parties now request the Court approve the settlement of the remaining FLSA claims as well as preliminary approval of a proposed class-wide settlement of the class claims.

For the reasons that follow, the motion is granted.

**PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

I have reviewed the parties' proposed Joint Stipulation of Class Settlement; Confidential Settlement Agreement and Release (Doc. Nos. 115 and 121-1). Pursuant to the terms of the Settlement Agreement, Defendant will make a single payment of a confidential total amount ("Settlement Fund"). Class Counsel will apply for an award of attorneys' fees and costs. The remainder of the settlement proceeds ("Net Settlement Fund") will be distributed to Settlement Class Members, with the exception of Class Members who received a Class Action Settlement Notice Packet and did not respond in a manner more fully set forth in the Settlement Agreement. The distribution will be on a *pro rata* basis calculated by reference to the number of shifts worked during the class period. Each shift will be valued equally.

Based upon my review of the proposed Settlement Agreement, the parties' motion practice to date, the amount of discovery exchanged and the Court's familiarity with the status of the litigation, the Court finds that the proposed settlement falls "within the range of possible approval." *Armstrong v. Board of School Directors*, 616 F.2d 305, 317 (7th Cir. 1980), *overruled on other grounds; In re Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. 330, 350 (N.D. Ohio 2001) (same). As a result, it is appropriate to direct notice to class members and to schedule a final approval hearing to consider the final fairness of the Settlement Agreement, including any objections that may be filed, as well as Class Counsel's anticipated application for an award of attorneys' fees and costs.

**PRELIMINARY CERTIFICATION OF THE SETTLEMENT CLASS**

The benefits of a class action settlement can be realized only through the certification of the settlement class. *Connectivity Sys. Inc. v. National Nat'l City Bank*, 2011 WL 292008 at *7 (S.D. Ohio). For purposes of settlement only, the parties agree that the following class meets the requirement for certification under Fed. R. Civ. P. 23:

> All persons employed by Defendant as "Plant Operators(a/k/a Press Operators) and "Decorators" (a/k/a "Painters") at one or both of Defendant's Bellevue, Ohio

2

    facilities. Precision Automotive Plastics and Autoplas between July 22, 2007 and December 31, 2013.

After review of the parties' pleadings, particularly the briefing and evidentiary materials submitted with respect to Plaintiffs' request to certify a collective action pursuant to the FLSA (Doc. Nos. 66-67), I conclude that such a class may be certified. All of the express requirements of Fed. R. Civ. P. 23(a) are met and the class is maintainable under Fed. R. Civ. P. 23(b)(3) because common issues of fact and law predominate over individual issues and a class action is a superior method of resolving the litigation.

The press operators and decorators attended the same pre-shift meetings, and had the same twenty-minute meal break period. The Named Plaintiffs, Amy (Spettle) Edwards, Sonia Filby, and Justin Buck, assert the same claims for relief as may be asserted by all absent class members: alleged violations of O.R.C. § 4113.03 (Ohio Wage Act); violations of O.R.C. § 4113.15 (Ohio Prompt Act); common law claims for breach of contract; common law claims for unjust enrichment; and common law claims for promissory estoppel. All are based on an essentially identical common factual allegation: that Named Plaintiffs and class members were working twenty minutes per shift, but were not paid.

Moreover, the United States Department of Labor payment process also indicates that: (1) class members can be reliably identified and issued checks based upon Defendant's payroll records; (2) the government agency has previously concluded that press operators and decorators are sufficiently similarly situated to participate in the same payment scheme.

Courts have relatively regularly certified classes pursuant to Fed. R. Civ. P. 23 in cases presenting hybrid class and collective allegations, such as those presented here. *See, e.g. Swigart v. Fifth Third Bank*, 288 F.R.D. 177, 187 (S.D. Ohio 2012); *Laichev v. JBM, Inc.*, 269 F.R.D. 633, 638 (S.D. Ohio 2008).

3

For these reasons, the proposed settlement class meets the requirements of Fed. R. Civ. P. 23 for settlement purposes.[1] The class should be provided with notice and an opportunity to comment.

### APPROVAL OF FLSA SETTLEMENT

Pursuant to 29 U.S.C. § 216(b) of the FLSA, the Court must also approve the settlement of the federal statutory, or opt-in, portion of the case, including the notice plan proposed by the parties. *Schneider v. Goodyear Tire & Rubber Co.*, 2014 WL 2579637 at *2 (N.D. Ohio 2014).[2]

In reviewing the settlement of a federal plaintiff's FLSA claims, the district court must "ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime." *Id.* citing *Rotuna v. West Customer Mgmt. Group LLC*, 2010 WL 2490989 (N.D. Ohio 2010)(internal citations omitted).

The existence of a *bona fide* dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligation under the FLSA. *Id.* Here, the proposed *pro rata* payments to the class members constitute a meaningful recovery with respect to a contested claim. The recovery is especially significant in light of the payments that employees have already received from Defendant in December 2013 and April 2014.

### CONCLUSION

For the reasons stated above, Plaintiffs' Unopposed Motion for Approval of Section 216(b) Settlement and for Preliminary Approval of Fed. R. Civ. P. 23 Class Settlement (Doc. No. 111) is granted with the following orders:

1) The class proposed in the Settlement Agreement is hereby preliminarily certified for settlement purposes.

---

[1] Pursuant to the Settlement Agreement, the parties expressly reserve the right to revisit their position on the propriety of class certification in the event that the proposed settlement does not become final.
[2] The Court must also determine whether any request for attorneys' fees is "reasonable." *Schneider*, 2014 WL at *2. In this case, the parties request that the Court defer the issue until the final approval hearing, after class members have received notice and been provided an opportunity to comment.

2) The law firm of Murray & Murray, Co., L.P.A. is appointed to serve as class counsel for the settlement purposes and the Named Plaintiffs are appointed to serve as Class Representatives.

3) The Claims Administrator is directed to send notice of the proposed settlement to Class Members in the manner and form set forth in the Settlement Agreement and attached documentation.

4) The proposed settlement of claims by the Class Representatives, Opt-In Plaintiffs, and members of the Opt-In Class are approved as set forth in the Settlement Agreement pursuant to the FLSA at 29 U.S.C. § 216(b) as a reasonable resolution of a *bona fide* dispute.

5) Plaintiffs are to file a petition for an award of attorneys' fees and costs by August 6, 2015.

6) A final fairness hearing is set for August 20, 2015 at 10:30 AM.

Finally, the unopposed motion to approve the CAFA Notice (Doc. No. 113) is granted.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge